**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SAMANTHA HENNESSY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-00872-BCW |
| | ) | |
| MID-AMERICA APARTMENT | ) | |
| COMMUNITIES, INC., | ) | |
| *d/b/a MAA & Residences at* | ) | |
| *Burlington Creek*, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND JUDGMENT**

Before the Court are Plaintiffs' Motion for Final Approval of Class Action Settlement (Doc. #35) and Plaintiffs' Motion for Award of Attorneys' Fees, litigation Expenses, Court Costs, and Incentive Payments (Doc. #37). The Court, being duly advised of the premises, having considered the record, including the Settlement Agreement, and having held a hearing in this matter on August 8, 2019, grants said motions.

IT IS HEREBY ORDERED, ADJUDGED and DECREED

**1.** This Order and Judgment incorporates herein and makes a part hereof, the Settlement Agreement, including all Exhibits thereto ("the Agreement"). Unless otherwise provided herein, the terms as defined in the Agreement shall have the same meanings for purposes of this Order and Judgment.

**2.** The Court has personal jurisdiction over the Class Representatives, Settlement Class members, and Defendants for purposes of this settlement only, and has subject matter jurisdiction to approve the Agreement.

**3.** The Settlement Class previously certified by the Court includes:

1

Those individuals who (A) were residents of (i) the Dentons apartment community from January 15, 2015, the date of its acquisition by MAALP, through February 8, 2018 or (ii) the Market Station apartment community from September 20, 2012, the date of its acquisition by MAALP, through February 8, 2018 and (B) who either (i) had security deposits withheld relating solely to physical damage done to an apartment unit; or (ii) paid money directly to MAALP relating solely to physical damage done to an apartment unit.

By way of clarification, amounts paid to either Defendant that do not relate to payments for physical damage to an apartment unit are not at issue in this case and are not to be paid to the Settlement Class.

Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, this class specifically excludes persons in the following categories: (A) The district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eighth Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

This class also specifically excludes persons employed by Defendants at any time from September 20, 2012 through February 8, 2018.

Excluded from the Settlement Class is any individual who properly opted out of the Settlement Class pursuant to the procedure described in the Agreement and this Court's Order conditionally certifying the settlement class and granting preliminary approval of the settlement. (Doc. #30).

4.      The record shows that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise the members of the Settlement Class of the terms of the Agreement, and Settlement Class members' right to object to or exclude themselves from the Settlement Class and appear at the Fairness Hearing held on August 9, 2019; (iii) constitutes due,

2

adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and Fed. R. Civ. P. 23.

5.      This Order and Judgment shall have no force or effect on those persons who properly and timely excluded themselves from the Settlement Class.

6.      The Court finds that extensive arm's-length negotiations with a well-respected mediator have taken place in good faith between Class Counsel and Counsel for Defendants resulting in the Agreement.

7.      The Court finds that the designated Class Representative are appropriate representatives.

8.      The Court has considered all of the factors enumerated in Fed. R. Civ. P. 23(g) and finds that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

9.      Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Class Settlement set forth in the Agreement (the "Class Settlement") and finds that the Class Settlement, the Agreement, and the plan of distribution as set forth in the Agreement, are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Class.

10.      The Parties are hereby directed to implement and consummate the Class Settlement according to the terms and provisions of the Agreement. The claims against Defendant on behalf of the Settlement Class in the above-captioned action are hereby dismissed with prejudice and without costs to any party, except as otherwise provided herein.

11.      Upon the Effective Date of the Agreement, the Settlement Class, and each member of the Settlement Class, shall release and forever discharge the MAA Releasees (as defined in the Agreement) from their respective Class Released Claims (as defined in the Agreement).

**12.** Nothing in this Order and Judgment, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by any Defendant or any MAA Releasee.

**13.** Class Counsel have moved for an award of attorneys' fees and reimbursement of expenses. (Doc. #37). Pursuant to Fed. R. Civ. P. 23(h) and Fed. R. Civ. P. 52(d), this Court makes the following findings of fact and conclusions of law:

(a) this Class Settlement confers substantial benefits on the members of the Settlement Class;

(b) the value conferred on the Settlement Class is immediate and readily quantifiable upon this judgment becoming Final, and members of the Settlement Class who did not submit valid requests for exclusion will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Merchandising Practices Act, Mo. Rev. Stat. § 407.020, Landlord-Tenants Actions, Mo. Rev. Stat. § 535.300, or for unjust enrichment and/or breach of contract;

(c) Class Counsel vigorously and effectively pursued the Settlement Class' claims before this Court in this complex case;

(d) this Class Settlement was obtained as a direct result of Class Counsel's advocacy;

(e) this Class Settlement was reached following extensive arms'-length negotiations between Class Counsel and Counsel for Defendants and was negotiated in good-faith and in the absence of collusion;

(f) during the prosecution of the claims in the Litigation, Class Counsel incurred expenses in the aggregate amount of $3,402.02, which included mediation and other

expenses, which the Court finds to be reasonable and necessary to the representation of the Settlement Class;

     (g)    The members of the Settlement Class were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in an amount up to one-third of the Settlement Fund (<u>$92,383.64</u>), plus reimbursement of reasonable expenses incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

     (h)    <u>Zero (0)</u> member(s) of the Settlement Class has (have) submitted written objection(s) to the award of attorneys' fees and expenses;

     (i)    attorneys who recover a common benefit for persons other than themselves or their clients are entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. <u>Boeing Co. v. Van Gemert</u>, 444 U.S. 472, 478 (1980); <u>Blum v. Stenson</u>, 465 U.S. 886, 900 n.16 (1984); and

     (j)    the requested fee award is consistent with other fee awards in this Circuit. <u>Koenig v. United States Bank N.A. (In Re United States Bancorp Litig.)</u>, 291 F.3d 1035, 1038 (8th Cir. 2002) (affirming class attorneys' award of 36%).

**14.**    Class Counsel are hereby awarded $<u>92,383.64</u> from the balance of the Settlement Fund as their fee award, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. Further, Class Counsel are awarded <u>$3,402.02</u>, for their reasonable expenses, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded among Class Counsel.

**15.**     The Class Representatives, as identified in the Preliminary Approval Order, are hereby compensated in the amount of $2,500.00 each for their efforts in this case.

**16.**     Without affecting the finality of this Order and Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement and of this Order and Judgment, to protect and effectuate this Order and Judgment, and for any other necessary purpose. The Class Representatives, members of the Settlement Class, and Defendants are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Agreement or the applicability of the Agreement, including the Exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Order and Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding. Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

**17.**     No member of the Settlement Class, either directly, representatively, or in any other capacity (other than a member of the Settlement Class who validly and timely elected to be excluded from the Settlement Class), shall commence, continue, or prosecute any action or proceeding against any or all of the MAA Releasees in any court or tribunal asserting any of the Class Released Claims defined in the Agreement, and are hereby permanently enjoined from so proceeding.

18.     Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order and Judgment the Court directs the Clerk to enter final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.


DATED: <u>August 8, 2019</u>

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT
